# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| OTIS L. HENRY | § | |
| | § | |
| v. | § | **CIVIL ACTION NO. 4:17-CV-00313** |
| | § | **JUDGE MAZZANT** |
| CITY OF SHERMAN, TEXAS | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant City of Sherman, Texas's ("the City") Motion for Summary Judgment (Dkt. #34), Defendant's Supplemental Motion for Summary Judgment (Dkt. #56), and Plaintiff Otis L. Henry's ("Henry") Objections to and Opposed Motion to Strike Defendant's Summary Judgment Evidence (Dkt. #52). The Court, having considered the relevant pleadings, finds that the motion for summary judgment should be granted in part and the motion to strike should be denied as moot.

## BACKGROUND

Henry was the Chief of Police for the City of Sherman from March 2013 until January 1, 2017. Henry started his career with the City as a patrolman and was promoted through the ranks based on experience, education, and training. Before working for the City, Henry served in the United States Marine Corps for six years, and was honorably discharged with the rank of Sergeant in 1983. By his last day, Henry had worked for the City for over thirty-two years and was fifty-nine years old.

In his thirty-two years for the City's police department, he only received one documented disciplinary action, which occurred in 1985 for failing to appear in court. He never received any recorded disciplinary actions while acting as Chief of Police. Indeed, while acting as Chief of Police, Henry received three written performance evaluations that stated he met or exceeded

expectations, and was specifically complimented for his efforts regarding officer retention and recruitment. The current City Manager, Robby Hefton ("Hefton") sent the last evaluation on October 28, 2015.

Despite the lack of disciplinary actions and the good performance reviews, City employee, Steve Ayers ("Ayers") and Assistant City Manager Don Keene ("Keene") reportedly conveyed concerns about Henry's leadership to Hefton. Accordingly, in Fall 2016, Hefton instructed Zach Flores ("Flores"), to conduct a series of exit interviews with police officers that recently left the department. Flores served as an employee in the human resources department, although not as the director. The officers in these interviews expressed that they were dissatisfied with Henry's leadership claiming he created low morale. Flores only interviewed eight officers. These interviews were not recorded and Flores did not take notes during the interviews; however, Flores summarized the interviews. Flores did not receive any direction on how to select the officers interviewed and does not recall how he determined who to interview. Flores did not review any of the disciplinary files of the officers he interviewed, prior or subsequent to their interviews. A review of these files would have revealed that some of the officers were under disciplinary investigation when they departed.

On December 6, 2016, Hefton met with Henry and the two discussed his departure as the City's Chief of Police. Pursuant to this interaction, Henry announced his retirement to employees within the City's Police Department on December 8, 2016. On December 12, 2016, Hefton appointed Flores, thirty-one years of age, as the Chief of Police. Hefton allegedly referred to Flores as a "Young King David" at Flores's swearing in ceremony. Flores was allegedly hired for his expertise in human resources, as the City wanted to increase retention rates. Flores holds a Masters of Public Administration and a Master Peace Officer certificate. Before being appointed

2

as Chief of Police, he worked in the City's human resources department for eighteen months, with no prior human resources experience. Prior to working in the human resources department, Flores served as a police officer for the City for eight years.

Based on this set of facts, Henry sued the City on May 10, 2017 for violations of 29 U.S.C. § 623, the Age Discrimination in Employment Act of 1967 ("ADEA"), and 42 U.S.C. § 1983. The City filed the present motion for summary judgment on Henry's claims on December 5, 2017 (Dkt. #34). Henry filed its response on December 29, 2017 (Dkt. #53) and the City filed its reply on January 5, 2017 (Dkt. #54). Further, the City filed a Supplemental Motion for Summary Judgment on January 22, 2018, providing certified copies of the deposition testimony contained in Exhibits 1, 2, and 7 (Hefton, Ayers, and Flores) (Dkt. #56). Additionally, Henry filed its objections and motion to strike on December 29, 2017 (Dkt. #52) and the City filed its response on January 13, 2018 (Dkt. #55).

## APPLICABLE LAW

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

**ANALYSIS**

The City moves from summary judgment on both Henry's ADEA claims and § 1983 claims. The Court will address each claim.

I. **ADEA Claims**

After a careful review of the record and the arguments presented, the Court is not convinced that the City has met its burden demonstrating that there is no material issue of fact as to Henry's ADEA claims entitling it to judgment as a matter of law. Accordingly, the Court denies the motion as to Henry's ADEA claims.

II. **§ 1983 Claims**

Henry asserts two § 1983 claims. First, Henry asserts that he was not given proper notice prior to his termination pursuant to Texas Government Code Chapter 614, Subchapter B. Additionally, Henry maintains that the City failed and refused to provide him with a retired Peace Officer identification card. The Court will address each claim.

   A. **Failure to Give Proper Notice Pursuant to Chapter 614, Subchapter B of the Texas Government Code**

"Chapter 614, Subchapter B of the Texas Government Code provides covered [law enforcement officers] certain procedural safeguards to help ensure adverse employment actions are not based on unsubstantiated complaints of misconduct." *Colorado Cty. v. Staff*, 510 S.W.3d 435, 438 (Tex. 2017). Texas Government Code Chapter 614, Subchapter B in relevant part states:

**§ 614.022 Complaint to Be in Writing and Signed by Complainant**

To be considered by the head of a state agency or by the head of a fire department or local law enforcement agency, the complaint must be:
   (1) in writing; and
   (2) signed by the person making the complaint.

**§ 614.023 Copy of Complaint to Be Given to Officer or Employee**

(a) A copy of a signed complaint against a law enforcement officer of this state or a fire fighter, detention officer, county jailer, or peace officer appointed or employed by a political subdivision of this state shall be given to the officer or employee within a reasonable time after the complaint is filed.
(b) Disciplinary action may not be taken against the officer or employee unless a copy of the signed complaint is given to the officer or employee.
(c) In addition to the requirement of Subsection (b), the officer or employee may not be indefinitely suspended or terminated from employment based on the subject matter of the complaint unless:
    (1) The complaint is investigated; and
    (2) There is evidence to prove the allegation of misconduct.

TEX. GOV'T CODE §§ 614.022–614.023.

Henry maintains that because the City alleges he was fired based on complaints about his leadership by former police officers, that he was entitled to due process under Chapter 614, Subchapter B of the Texas Government Code. Henry argues that he did not receive proper due process in his termination. The City argues[1] that Chapter 614, Subchapter B does not apply in this situation because there was not a formal complaint lodged against Henry pursuant to Texas Local Government Code Section 143.013(d).[2]

The Court finds the City's argument misplaced. First, the Supreme Court of Texas previously analyzed the reasons why it should not impose restrictions contained in Chapter 143 of the Texas Local Government Code onto Chapter 614, Subchapter B of the Texas Government Code. *Colorado Cty.*, 510 S.W.3d at 452–454 (holding that Chapter 143 and Chapter 614 have similar, but different purposes and that nothing in Chapter 614 suggests that the Legislature

---

[1] The City additionally argues that Henry must have a property interest in his job and that he was an at-will employee with no contract and did not have a property interest. The City continues to argue that Chapter 614, Subchapter B does not create a property interest. Henry does not dispute that he needs a property interest or that he is an at-will employee, but maintains that Chapter 614, Subchapter B gave him the right to due process in this case. As such, the Court will only address Chapter 614, Subchapter B's effect on Henry's claim.

[2] The Court further notes that the City does not explain what the definition of a complaint is pursuant to Section 143.013(d). The Court reads the statute with the City's argument to mean that a complaint must be "an offense in violation of civil service rules." TEX. LOCAL. GOV'T CODE § 143.013(d).

intended to draw legal meaning from Chapter 143). Similarly, the Court will not impose restrictions contained in Chapter 143.013(d) onto Henry in this case.

However, the Court is still tasked with determining what constitutes a complaint under Chapter 614, Subchapter B. There is a disagreement between courts about what type of complaints Chapter 614, Subchapter B protects. *Id.* at 449–50 (citations omitted) (explaining "disagreement exists about whether the statute applies to misconduct allegations that originate from within the law-enforcement agency as opposed to those arising from external sources."). The issue came before the Texas Supreme Court; however, the Supreme Court of Texas was able to resolve the case by answering a different question. *Id.* at 450 (reporting "[w]e need not consider in this case whether Chapter 614, Subchapter B is implicated by an internally generated complaint; whether or under what circumstances disciplinary action by an agency head or someone else in the chain of command invokes the statute. . . ."). As such, the question remains unanswered in Texas courts.

However, when examining a different part of the statute, the Texas Supreme Court used the statute's plain meaning. *Id.* The Court sees no reason to depart from the Texas Supreme Court's use of the plain and ordinary meaning to define the terms of Chapter 614, Subchapter B. As the present issue was before the Texas Supreme Court, the Supreme Court of Texas identified the plain meaning for the terms at issue here: complaint and person. The Court stated that the plain meaning of the word "complaint" means "an expression of dissatisfaction, including an allegation made by one against another." *Id.* at 449 (citing *Paske v. Fitzgerald*, 499 S.W.3d 465, 474 (Tex. App.—Houston [1st Dist.] 2016, not pet.)). The statute requires that the complaint must be "in writing and 'signed by the person making the complaint.'" *Id.* The Supreme Court of Texas continued that the plain meaning of person is "a natural person (i.e., any individual)." *Id.* (citing *Person*, NEW OXFORD AMERICAN DICTIONARY (3d ed. 2010); *Person*, WEBSTER'S THIRD NEW

INT'L DICTIONARY (2002); TEX. GOV'T CODE § 311.005; TEX. INS. CODE § 843.002(21)). The Court will use the definitions provided by the Texas Supreme Court.

Here, the officers that Flores interviewed are all people (individuals) that expressed dissatisfaction in regards to the management abilities of Henry. Therefore, a person, or people, made complaints about Henry. Accordingly, Subchapter B was triggered and the City should have provided the due process established by Texas Government Code Sections 614.022 and 614.023. However, the City did not follow the process established by the Texas Government Code, as the complaints were not in writing, signed by the person making the complaint, and a copy of the complaint was never given to Henry. Therefore, the Court finds that there is a fact issue regarding Henry's claims and the motion should be denied as to such claim.

### B. Retired Peace Officer Identification Card

The City argues that Henry already received his identification card (Dkt. #34 at p. 20 (citing Dkt. #34, Exhibit 13 at p. 3); Dkt. #56 at p. 19 (citing Dkt. #34, Exhibit 13 at p. 3)). Accordingly, the City maintains that the claim is now moot. In his response, Henry did not respond to the assertions and arguments put forth by the City in regards to this claim. Accordingly, the Court presumes that Henry has no evidence to contradict the argument and agrees with the facts as stated by the City. LOCAL RULE CV-7(d) ("A party's failure to oppose a motion in the manner prescribed herein creates a presumption that the party does not controvert the facts set out by the movant and has no evidence to offer in opposition to the motion."). As such, the Court finds that this claim fails as a matter of law.

### III. Objections and Motion to Strike

Finally, Henry objected to and moved to Strike Defendant's Exhibits 1, 2, 6, 7, A.3, and A.4. However, the Court did not use any of the contested exhibits in granting Defendant's motion

for summary judgement as to the retired peace officer identification card. The Court denied the remainder of Defendant's motion for summary judgment. Based on these findings, the Court finds that the objections should be overruled and the motion should be denied as moot.

## CONCLUSION

It is therefore **ORDERED** Defendant City of Sherman, Texas's Motion for Summary Judgment (Dkt. #34) and Defendant's Supplemental Motion for Summary Judgment (Dkt. #56) are hereby **GRANTED IN PART**. The motion is granted as to Henry's claim reading the retired peace officer identification card and such claim is **DISMISSED WITH PREJUDICE**. The motion is denied as to the remainder of Henry's claims.

Further, it is **ORDERED** that Plaintiff's Objections to and Opposed Motion to Strike Defendant's Summary Judgment Evidence (Dkt. #52) is hereby **DENIED as moot**.

**SIGNED this 30th day of January, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE