# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| OTIS L. HENRY | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:17-CV-00313 |
| | § | JUDGE MAZZANT |
| CITY OF SHERMAN, TEXAS | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant City of Sherman's ("the City") Motion to Quash Notices of Taking Deposition of David Plyler ("Mayor Plyler") and Kevin Couch ("Couch") (Dkt. #40). After a review of the motions and relevant pleadings, the Court finds that the motion should be granted in part and denied in part.

In order to quash a notice of deposition, a movant must show good cause and the need for protection. *United States ex rel Woodard v. Davita, Inc.*, No. 1:05-cv-2274, 2011 WL 13199233, at *3 (E.D. Tex. Sep. 26, 2011) (citing *Staton Holdings, Inc. v. Russell Athletic, Inc.*, No. 3:09-cv-419, 2010 WL 1372749, at *2 (N.D. Tex. Apr. 7, 2010)). "'Good cause exists when justice requires the protection of a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* (quoting *Ferko v. Nat'l Ass'n for Stock Car Racing, Inc.*, 218 F.R.D. 125, 133 (E.D. Tex. 2003)) (internal quotations omitted).

The City asks the Court to quash the depositions of Mayor Plyler and Councilmember Couch because these are apex depositions and Plaintiff has not made the requisite showing to take the high ranking officials' depositions. Henry responds that there is no federal apex doctrine and that the Court should generally permit the deposition of any person who has knowledge regarding a matter that is relevant to a claim or defense.

While there may not be a federal apex doctrine, it is well-established in the Fifth Circuit that "'exceptional circumstances must exist before the involuntary deposition of high agency officials are permitted.'" *In re F.D.I.C.*, 58 F.3d 1055, 1060 (5th Cir. 1995) (quoting *In re Office of Inspector Gen.*, 933 F.2d 276, 278 (5th Cir. 1991) (per curiam)). The Fifth Circuit reasoned that "'[h]igh ranking government officials have greater duties and time constraints than other witnesses.'" *Id.* (quoting *In re United States*, 985 F.2d 510, 512 (11th Cir.) (per curiam) *cert. denied*, 510 U.S. 989 (1993)).

As an initial matter, the City fails to acknowledge the fact that Couch is no longer a city council member.[1] The purpose behind providing exceptional circumstances is to balance government officials' duties and time constraints with the need for their deposition testimony. *See id.* However, as Couch is no longer a city council member, the City has not provided the Court with any reason why Henry would need to provide exceptional circumstances and has not persuaded the Court that good cause exists to quash the deposition.

As to Mayor Plyler, Henry was required to provide exceptional circumstances in order to take Mayor Plyler's deposition. *See id.* (quoting *In re Office of Inspector Gen.*, 933 F.2d at 278). Henry did not attempt to offer any exceptional circumstances. Henry merely maintains that Mayor Plyler, Hefton, and Nate Strauch spoke to the media about Henry's lawsuit and Hefton and Strauch do not recall many of the details regarding what occurred. Henry did not present these circumstances as being exceptional, and the Court is not persuaded that these are exceptional circumstances that would allow Henry to depose Mayor Plyler.

Accordingly, it is so **ORDERED** that Defendant's Motion to Quash Notices of Taking Deposition of David Plyler and Kevin Couch (Dkt. #40) is hereby **GRANTED IN PART**. The

---

[1] Sherman, *Your Government: City Council*, https://www.ci.sherman.tx.us/103/City-Council (last visited Jan. 26, 2018).

Court grants the motion to quash as to Mayor Plyler and denies the motion as to Couch. However, as the scheduled deposition time has passed, the parties shall arrange a new date and time for the deposition of Couch.

**SIGNED this 30th day of January, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE